23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Arnold BLAND, Jr., Defendant-Appellant.
 No. 93-6849.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 5, 1994.
Decided: May 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-317-A, CA-93-819-AM).
 Alan Barry Soschin, Washington, D.C.; G. Allen Dale, DALE & MITCHELL, Washington, D.C., for appellant.
 John Nicholas Nassikas, III, Bruce Michael Cooper, Office of the U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Phillip Arnold Bland, Jr., appeals from two district court orders denying his 28 U.S.C. Sec. 2255 (1988) motion. Bland filed the motion alleging three instances of ineffective assistance of counsel. We find no error in the district court's denial and affirm.
 
 
 2
 To succeed on his claims, Bland must show that counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. 668, 687-91, 694 (1984). Further, we are reluctant to second-guess tactical decisions of counsel. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir.1991). We review the district court's decision de novo. Washington v. Murray, 952 F.2d 1472, 1476 (4th Cir.1991).
 
 
 3
 Bland's first claim is that counsel erred in failing to move for suppression of items seized from his car during an inventory search. Bland was involved in an accident on Interstate 95 in Virginia. His car was inoperable and blocking traffic. Officers investigating the accident prepared to have the car towed; part of this preparation involved cataloguing the contents of the car to protect against loss or theft. It was during this routine administrative procedure that the officers discovered crack cocaine and a handgun.
 
 
 4
 To meet the second prong of Strickland, that of prejudice, on a Fourth Amendment claim, Bland must show that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence...." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Bland has failed to show that the evidence at the suppression hearing would have established an improper search. Without a meritorious Fourth Amendment claim, there is no prejudice under Strickland.
 
 
 5
 Bland's second allegation of ineffective assistance is that his trial counsel erred in not cross-examining fingerprint experts more extensively. The experts testified that they did not discover Bland's fingerprints on any of the seized evidence. The government spent some time establishing that fingerprints are often not found on such evidence. Bland contends that this showing was detrimental and that counsel should have attempted to discredit the experts. Counsel's trial tactic-to use, not discredit, the lack of fingerprint evidence in his favor-was eminently reasonable. We find no basis for doubting that tack. Stamper, 944 F.2d at 178.
 
 
 6
 Bland's final contention is that counsel erroneously advised him not to testify. Bland testified at a hearing on the Sec. 2255 motion that counsel told him his juvenile convictions could be used to impeach his testimony. Bland further testified that this was the sole reason he did not testify. Bland's trial counsel also testified at the hearing. He stated that Bland stated at their first meeting that he did not wish to testify. Counsel also testified that Bland admitted his guilt to counsel and that given this confession, he could not encourage Bland to testify. The trial court found counsel more credible than Bland.
 
 
 7
 This claim hinges on the credibility of the witnesses. On appeal, we are obligated to accept the district court's factual findings on this issue unless they are clearly erroneous. Strickland, 466 U.S. at 698. Given the evidence in this record, we conclude that the district court's findings that Bland told counsel he did not want to testify and that Bland confessed his guilt to counsel are not clearly erroneous. Under these circumstances, counsel did not render deficient representation in advising Bland not to testify.
 
 
 8
 Because none of Bland's claims of ineffective assistance have merit, we affirm the district court orders denying his Sec. 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.